**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**UNITED STATES**                                                    **PLAINTIFF**

**V.**                              **CASE NO. 5:25-CR-50080**

**LUIS GUZMAN**                                                      **DEFENDANT**

**OPINION AND ORDER**

Defendant Luis Guzman filed a Motion to Dismiss (Doc. 27) on the ground that the speedy trial time limit has elapsed. The Government filed its response (Doc. 30), and the Court now takes up the Motion.

The Speedy Trial Act requires a defendant be brought to trial within 70 days of the information, indictment, or arraignment, whichever is later. 18 U.S.C. § 3161(c). This 70-day time limit, however, is subject to certain exclusions under § 3161(h). Mr. Guzman asserts that, at the time he filed the Motion to Dismiss, 194 days had elapsed since his arraignment on September 3, 2025, and only 114 of these were excludable, which would mean the 70-day time limit was surpassed by 10 days. Much of this delay is attributable to the Court's failure to resolve Mr. Guzman's previously filed motion to dismiss Count 2 of the Indictment on First Amendment grounds (Doc. 22) within 30 days of it being fully briefed. *See* § 3161(h)(1)(H) (allowing exclusion of "delay reasonably attributable to any period, *not to exceed thirty days*, during which any proceeding concerning the defendant is actually under advisement by the court" (emphasis added)).

Under 18 U.S.C. § 3162(a)(2), "[i]f a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment *shall be* dismissed on motion of the defendant." (emphasis added). The Eighth

1

Circuit has held that such dismissal is mandatory. *United States v. Koory*, 20 F.3d 844, 846 (8th Cir. 1994) (citations omitted). The Government concedes that more than 70 days have elapsed but asks the Court to find *sua sponte* that an ends-of-justice continuance under § 3161(h)(7)(A) was proper and thereby exclude the time that the Court had the previous motion to dismiss under advisement beyond the 30 days provided by § 3161(h)(1)(H). (Doc. 30, pp. 2–3).

To the Government's point, § 3161(h)(7)(A) does allow a judge to grant an excludable continuance "on his own motion" if he makes certain findings on the record. Some courts have recognized that such a continuance is appropriate for "difficult motions." *United States v. Mentz*, 840 F.2d 315, 326 n.22 (6th Cir. 1988); *United States v. Bufalino*, 683 F.2d 639, 645 (2d Cir. 1982). While the Government has provided some case law that suggests courts may issue ends-of-justice continuances after § 3161(h)(1)(H)'s 30-day exclusion has passed,[1] it has not provided any authority to support the notion that courts may retroactively grant an ends-of-justice continuance after the 70-day limit for bringing a defendant to trial has run.

Indeed, multiple circuit courts have explicitly rejected continuances under these circumstances. *E.g., United States v. Carey*, 746 F.2d 228, 230 (4th Cir. 1984) ("Recent cases uniformly hold that nunc pro tunc or retroactive continuances that are made after the expiration of the time within which the defendant should have been tried for reasons

---

[1] In *United States v. Ellison*, 739 F. Supp. 3d 564, 588 n.1 (E.D. Mich. 2024), the court granted an ends-of-justice continuance *sua sponte* under § 3161(h)(7)(A) after the 30-day period for considering a motion had run. But in *Ellison*, unlike here, neither party had raised speedy trial concerns or moved to dismiss on speedy trial grounds. Moreover, courts do not agree on this point. The Third Circuit has stated that a district court may "invoke § 3161(h)(7)(A)" *sua sponte* "*before* the thirty days have elapsed." *United States v. Felton*, 811 F.2d 190, 197 n.7 (3d Cir. 1987) (emphasis added).

2

the judge did not consider before lapse of the allowable time are inconsistent with the Act."). "When a violation of the time limits of the Act is shown to have occurred, dismissal is *mandatory on motion of the defendant.*" *Koory*, 20 F.3d at 846 (citations omitted) (emphasis added); 18 U.S.C. § 3162(a)(2). If courts that are confronted with speedy trial violations can retroactively exclude any excess time *sua sponte*, it would undermine the mandatory nature of dismissal in these cases. Accordingly, Mr. Guzman's Motion to Dismiss (Doc. 27) is **GRANTED**.

The Court may exercise discretion in deciding whether to dismiss the case with or without prejudice. 18 U.S.C. § 3162(a)(2). In so deciding, the Court should consider: (1) the seriousness of the offense; (2) the facts and circumstances which led to the dismissal, and (3) the impact of reprosecution on administration of the Act and justice in general. *Id.* The Government argues for dismissal without prejudice, and Defendant defers to the Court on this issue. For the reasons that follow, the Court will dismiss *without* prejudice.

*Seriousness of the offense.* Here, Mr. Guzman has been indicted for two counts of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1) and (b)(1). These offenses carry a maximum sentence of 20 years, a maximum fine of $250,000, restitution to the victims, and an additional special assessment of up to $35,000. The Court deems these to be serious offenses, so this factor weighs in favor of dismissal without prejudice.

*Facts and circumstances of dismissal.* This dismissal results from the Court's consideration of Mr. Guzman's motion to dismiss on First Amendment grounds; the Government was not responsible for this delay. *See Koory*, 20 F.3d at 848 (looking to

3

whether the government's negligence in complying with the speedy trial time limits was to gain a tactical advantage or was part of a recurring pattern). Further, "[w]here the crime charged is serious, the court should dismiss [with prejudice] only for a correspondingly severe delay." *Id.* (quoting *Russo,* 741 F.2d at 1267). Here, there was only a 10-day period beyond the 70-day limit; such a short delay is far outweighed by the severity of the offense in this case. This factor weighs in favor of dismissal without prejudice.

*Impact of reprosecution.* "Reprosecution always involves some element of increased burden on the administration of justice and hinders the Act's goal of swift prosecution, yet the Act does not mandate that every dismissal be with prejudice." *Koory,* 20 F.3d at 849 (citation omitted). And, when balanced against the severity of the offense and the minimal delay, the Court finds that the impact of reprosecution does not weigh against dismissal without prejudice.

For the reasons stated herein, **IT IS HEREBY ORDERED** that Mr. Guzman's Motion to Dismiss (Doc. 27) is **GRANTED** and the two-count indictment against him (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** on this ___ day of April, 2026.

TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE

4